

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| DAPHNE S. REDDING, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:09-01357-HFF-PJG |
| | § | |
| TROOPER D P BOULWARE, DEPUTY | § | |
| B A HILL, LEXINGTON COUNTY | § | |
| SHERIFF'S DEPARTMENT, and | § | |
| SOUTH CAROLINA HIGHWAY PATROL, | § | |
| Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motions for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 9, 2011, and Plaintiff filed her objections to the Report on September 12, 2011. Defendants Boulware and South Carolina Highway Patrol filed a reply on September 26, 2011.

Plaintiff objects to the Magistrate Judge's suggested finding that Defendant Boulware's traffic stop was lawful. The Magistrate Judge's Report indicates that Defendant Boulware stopped Plaintiff because "he perceived [her] to be driving below the minimum interstate speed limit." Report 2, ECF No. 67. Plaintiff contends that a genuine issue of material fact exists as to whether she was traveling under the minimum speed limit. According to Plaintiff, if she was traveling above the minimum speed limit, the stop and seizure were unlawful, and she had the right to resist an unlawful arrest. This fact is material to her excessive-force claim, she suggests, because it would affect the analysis concerning whether the force used to detain her was reasonable. Summary judgment is inappropriate, she insists, because this issue of fact must be resolved by a fact finder.

The Court agrees with Plaintiff that a genuine issue exists as to whether Plaintiff was traveling below the minimum speed limit. Defendant Boulware testified in his deposition that he used a radar initially to determine the speed at which Plaintiff was traveling down the interstate and that he then estimated her speed as he followed her. Pl.'s Attachs. 26-28, ECF No. 63-2. According to him, she was traveling under the minimum speed limit. *Id.* In Plaintiff's deposition, however, she insisted that she traveled the speed limit while on the interstate. *Id.* at 46-48. For purposes of resolving the summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party, which, in this case, is Plaintiff. There is a disputed issue of fact as to whether Plaintiff was traveling below the speed limit. The Court cannot avoid this issue of fact by claiming that it is undisputed that Defendant Boulware "perceived [Plaintiff] to be driving below

the minimum interstate speed limit." Report 2. By asserting that she was traveling the speed limit, Plaintiff creates a genuine issue as to whether Defendant Boulware really perceived that she was not.

That does not end the inquiry, however. The Court must determine objectively whether Defendant Boulware's stop of Plaintiff was lawful, irrespective of his subjective intent. *See United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008) ("[I]f sufficient objective evidence exists to demonstrate reasonable suspicion, a Terry stop is justified regardless of a police officer's subjective intent."). In his deposition, Defendant Boulware testified that, before he stopped Plaintiff, he observed her "not give a right turn signal when she turned." Def.'s Mot. Summ. J. Ex. A, at 5, ECF No. 56-2. This fact remains undisputed. Failure to use a signal when turning is a traffic offense, S.C. Code Ann. § 56-5-2150(a), which provided Defendant Boulware with justification to stop her. Therefore, Defendant Boulware's traffic stop of Plaintiff was lawful. As a result, the issue of fact concerning whether Defendant Boulware observed Plaintiff traveling below the minimum speed limit is immaterial.

Plaintiff also objects to the Magistrate Judge's recommendation that Defendant Boulware and Defendant Hill are entitled to qualified immunity as a matter of law. As the Court will explain, because there was no constitutional violation, this objection lacks merit.

As recognized by the Magistrate Judge, the Supreme Court's opinion in *Graham v. Connor*, 490 U.S. 386 (1989), provides the guiding principles for determining when the level of force applied by officers runs afoul of the Fourth Amendment. In *Graham*, the Supreme Court noted that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396. The standard for excessive-force claims is whether the force used was objectively reasonable. *Id.* at 388. Courts must carefully

balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake" to determine whether the amount of force applied is reasonable. *Id.* at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)) (internal quotation marks omitted). They must also afford a certain amount of deference "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396-97. Whether an officer's application of force was reasonable is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396.

Courts should consider four factors in determining whether an application of force was unreasonable and excessive: 1) "the severity of the crime at issue"; 2) "whether the suspect poses an immediate threat to the safety of the officers or others"; 3) "whether the suspect is actively resisting arrest or attempting to evade arrest by flight"; and 4) "[t]he extent of the plaintiff's injury." *Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003) (quoting *Graham*, 490 U.S. at 396) (internal quotation marks omitted).

The Court acknowledges that the first, second, and fourth factors militate in Plaintiff's favor. The crime at issue was not severe. She did not pose an immediate threat to the safety of the officers. And the injury suffered by Plaintiff—a broken arm resulting in permanent damage—is quite extensive.

Nevertheless, in light of Plaintiff's persistent resistance and attempts to leave the scene, the force applied by Defendant Boulware and Defendant Hill was objectively reasonable. The facts—as recounted by the Magistrate Judge and not objected to by Plaintiff—demonstrate that the level of

force applied by the officers was tailored to that necessary to effectuate the seizure. Plaintiff's behavior from the outset was marked by continual resistance and evasiveness. She did not pull over immediately. She ignored Defendant Boulware's instructions. She attempted to leave the scene of the detention, pushing past Defendant Boulware and struggling with him as he tried to detain her. It was reasonable at that point to place Plaintiff in handcuffs to maintain the status quo or effectuate an arrest, but she struggled with Defendant Boulware as he tried to place the handcuffs on her. Taking Plaintiff to the ground and straddling her to restrain her and prevent her from leaving was reasonable under these circumstances.

Defendant Hill's actions were also reasonable. The force applied by Defendant Hill was not gratuitous. It was designed at all times to effectuate the seizure by putting the handcuffs on Plaintiff, who continually resisted his efforts. Upon arriving, he instructed Plaintiff at least six times to put her hands behind her back, but she persisted in her resistance and refused to do so. He warned her that her resistance would cause him to break her arm. She failed to heed his warning and refused to comply. Eventually, in the course of forcing the handcuffs on Plaintiff, her arm was broken. Although the Court recognizes the extent of her injuries, it determines that the force applied by Defendant Hill was objectively reasonable.

For these reasons, the Court holds that the force applied by Defendant Boulware and Defendant Hill was objectively reasonable and not excessive. It did not contravene the Fourth Amendment.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that

Defendants' motions for summary judgment are **GRANTED** as to Plaintiff's federal claims and that Plaintiff's federal claims are **DISMISSED** *with prejudice*. Plaintiff's state law claims are **DISMISSED** *without prejudice* so that she can file them in state court if she wishes to do so.

    **IT IS SO ORDERED**.

    Signed this 29th day of September, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE
